United States District Court
District of South Carolina

| | |
|---|---|
| Linda Ann Tyler, #248190; | C/A No. 8:05-2662-CMC-BHH |
| Plaintiff; | |
| vs. | **Report and Recommendation** |
| Sergeant Michelle Carter; Sergeant L. D. Rogers; Officer S. Hawthrone; Mr. David Turner (DHO); Major A. Rowski; Cpt. E. F. McKenney; Dianthia Litwer, Grievance Coordinator; | |
| Defendants. | |

The Plaintiff, Linda Tyler (hereafter, the "Plaintiff"), is a state prisoner bringing action under Title 42 United States Code §1983. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in such prisoner cases and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff is presently incarcerated at Leath Correctional Institution in Greenwood, South Carolina. She sues a number of guards and staff members at the institution. Her complaint is a jumbled assortment of claims on the basis of which she seeks One Million Five Hundred Thousand Dollars ($1,500,000.00) as monetary damages.

## *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978);

1

dockets.Justia.com

*Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978).   *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Hughes v. Rowe*, *supra*.  Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.  Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## THE THREE STRIKE RULE

It is not necessary to address the merits of Plaintiff's present Complaint under 42 U.S.C. §1983, because she has "struck out" under the so-called "three strikes" rule of the Prison Litigation Reform Act (PLRA), now codified as 28 U.S.C. §1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is barred from bringing the present action without prepaying the filing fee because on four (4) prior occasions she has suffered dismissals on the above recited statutory grounds: *Tyler v. Beinor, et al.*, Civil Action No. 8:02-03330-CMC (D.S.C. 2002), *aff'd* 81 Fed. Appx. 445 (4th Cir. 2003); *Tyler v. Wates, et al.*, 8:02-3146-CMC (D.S.C. 2002) *aff'd* 84 Fed. Appx. 289 (4th Cir. 2003); *Tyler v. Litwer, et al.*, 4:99-03744-CMC (D.S.C. 1999), *aff'd* 5 Fed. Appx. 161 (2001); *Tyler v. Rackley, et al.*, 4:99-02845-MBS

(D.S.C. 1999), *aff'd* 18 Fed. Appx. 176 (4th Cir. 2001). Plaintiff does not claim to be under imminent danger of serious physical injury.

This court may take judicial notice of these prior civil actions. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182, 1989 (4th Cir. 1989); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

## **RECOMMENDATION**

Since Plaintiff has already "struck out," the imposition of further strikes would serve no purpose. Therefore, it is therefore recommended that the within action simply be **dismissed without prejudice**.

s/Bruce H. Hendricks  
United States Magistrate Judge

September 19, 2005  
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
